### 3897.  BUTLER *v.* THE STATE.

No error of law was committed, and the evidence warranted the verdict.
DECIDED JANUARY 30, 1912.

Conviction of shooting at another; from Grady superior court—Judge Frank Park. November 13, 1911.

*W. M. Harrell, R. R. Terrell, M. L. Ledford,* for plaintiff in error.

*W. E. Wooten, solicitor-general, Frank A. Hooper,* contra.

POTTLE, J. The accused was indicted for assault with intent to murder one Knight, and was convicted of the statutory offense of shooting at another. The charge was full and fair—in fact rather more favorable to the accused than he had any right to demand, and did not contain any expression or intimation of opinion as to what had been proved. In the motion for a new trial complaint is made of several instructions upon the theory of the right of the accused to resist an unlawful arrest. The testimony of the prosecutor made a clear case of assault with intent to murder. The statement of the accused set up self-defense. It is doubtful if, under the evidence, the accused was entitled to an instruction upon the theory of his right to resist an illegal arrest, and it is certain that there was no error in the charge of which he can justly complain, nor in the failure of the judge to elaborate more fully this theory of defense. It was not error to repel testimony that no case had been made against the accused in the mayor's court for disorderly con-

duct, growing out of his behavior immediately prior to the shooting. Such evidence would have been irrelevant to any issue in the case. The mere fact that officers charged with that duty fail to prosecute for the offense does not prove that the offense was not committed. Especially is this true where, in a case like the present, the offense for which there was a failure to prosecute was disorderly conduct which culminated in an attempt to take human life, and the person guilty of the disorderly conduct was awaiting trial for the more serious offense. As well might it be said that failure to indict a murderer for carrying a pistol without a license would be evidence that he was not guilty of the latter offense.

The accused was fortunate in escaping punishment for the more serious crime of assault with intent to murder. In their humanity the jury gave him the benefit of the doubt and convicted him of the lower grade of crime. There were some facts and circumstances to warrant such a finding, and this court will not interfere.

*Judgment affirmed.*